**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KEISHUN E. LIDDY, | : |
| Plaintiff | : |
| | :    1:05-CV-89 (WLS) |
| vs. | : |
| MS. SHOOT, CHRISTOPHER RAILEY, | : |
| | :    **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | :    <u>**BEFORE THE U.S. MAGISTRATE JUDGE**</u> |
| Defendants | : |

## <u>RECOMMENDATION</u>

*Pro se* prisoner plaintiff **KEISHUN LIDDY,** presently confined at Calhoun State Prison in Morgan, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983.

### *I. STANDARD OF REVIEW*

#### *A. 28. U.S.C. § 1915(e)(2)*

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an

Dockets.Justia.com

arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id*. at 327; *See also* **Clark v. Georgia Pardons & Paroles Bd.**, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint essentially alleges that defendants acted with deliberate indifferent to his serious medical needs by failing to provide him with a partial denture.

Plaintiff names Ms. Shoot, the dentist and Deputy Warden Christopher Railey as defendants.

## III. DISCUSSION

It is well established that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment because the denial is tantamount to "unnecessary and wanton infliction of pain." *See* **Estelle v. Gamble**, 429 U.S. 97, 104 (1976). Under the law of this circuit, "the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West*, 320

F.3d 1235, 1243-44 (11th Cir. 2003).  Although plaintiff has made sufficient allegations to survive frivolity review, he has not set forth sufficient allegations against each of the named defendants.

## IV.  RECOMMENDATION OF DISMISSAL

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  The plaintiff must also allege deprivation of rights by individual employees in their official capacity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1316 (11th Cir. 2000); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not alleged that Christopher Railey was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case.

## V.  CONCLUSION

Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant Christopher Railey be **DISMISSED** and that said party be terminated as a party herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

By separate order entered on this date, plaintiff's claim against defendant Shoot will be allowed to proceed.

**SO RECOMMENDED**, this 11th day of January, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh